Matthew D. Francis, SBN: 6978
mfrancis@bhfs.com
Steven A. Caloiaro, SBN: 12344
scaloiaro@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: 775.324.4100
Facsimile: 775.333.8171

Attorneys for Plaintiff
WILLIAM KILMER

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM B. KILMER, an individual, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| SCADATEC, INC., a Nevada corporation, ARORA ENGINEERING, INC., a Nevada corporation, | |
| Defendants. | |

Plaintiff William B. Kilmer ("Mr. Kilmer"), through his counsel, Brownstein Hyatt Farber Schreck, LLP, alleges the following for his Complaint against Defendants ScadaTEC, Inc. ("Scada"), a Nevada corporation and Arora Engineering, Inc. ("Arora"), a Nevada corporation, collectively ("Defendants").

## I.  NATURE OF THE ACTION

1. Mr. Kilmer brings this action for declaratory relief and injunctive relief to establish his copyright rights in source code created by Mr. Kilmer while he was an independent contractor of the Defendants. The source code created by Mr. Kilmer was for several Scada Products, including the ScadaPhone, OpcHub, ModbusTagServer and ModbusSimulator (collectively, the "Works").

## II. PARTIES

2. Mr. Kilmer is a California resident who resides at 11327 Mantova Avenue Bakersfield, California 93312.

3. On information and belief, Defendant Scada is a domestic corporation organized and existing under Nevada law. Defendant Scada's principal place of business is located at 150 Isidor Ct., Sparks, Nevada 89441.

4. On information and belief, Defendant Arora is a domestic corporation organized and existing under Nevada law. Defendant Arora's address is listed as 11720 Campo Rico Lane, Sparks, Nevada 89441.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1338(a), as an action arising under the Copyright Act of 1976, as amended because Mr. Kilmer seeks a declaration under the laws of the United States that he is the author of the Works.

6. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000. As alleged above, Mr. Kilmer is a citizen of the State of California and each Defendant is either a corporation incorporated under the laws of the State of Nevada, or an individual residing in the State of Nevada. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, specified by 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over the Defendants because the Defendants, have purposefully availed themselves of this forum by using Nevada as their principal place of business, being registered as Nevada corporations, and/or being residents of the state of Nevada.

8. Venue is proper under 28 U.S.C. § 1391(b) and in the Reno Division of the District of Nevada as to Defendants pursuant to 28 U.S.C. §§ 1391(b) and (c) because they were incorporated under the laws of Nevada, reside in Nevada, and/or have transacted business in this

District during times relevant to this action, including a substantial part of the events giving rise to the claims Mr. Kilmer alleges and asserts herein.

## IV.  GENERAL ALLEGATIONS

9.  Mr. Kilmer is a computer programmer specializing in the creation of Delphi source code for use in SCADA systems.

10.  SCADA (Supervisory Control And Data Acquisition) is a system for remote monitoring and control that operates with coded signals over communication channels, using typically one communication channel per remote station.  The control system may be combined with a data acquisition system by adding the use of coded signals over communication channels.  This allows them to acquire information about the status of the remote equipment for display or for recording functions.  It is a type of industrial control system (ICS), which is a computer-based system that monitors and controls industrial processes that exist in the physical world.  SCADA systems historically distinguish themselves from other ICS systems by utilizing large-scale processes that can include multiple sites and cover large distances.  These systems include industrial, infrastructure, and facility-based processes.

11.  Starting in 1989, and continuing until December 31, 2006, Mr. Kilmer worked as a W2 salaried employee at various business entities owned by the Kenneth and Surinder Dixon. Currently, Mr. Dixon is the Director of Scada and Mrs. Dixon is the President, Secretary, Treasurer, and Director of Scada.

12.  On December 31, 2006, Mr. Kilmer was effectively terminated as an employee of Arora.

13.  Starting on January 1, 2007, Mr. Kilmer was hired as an independent contractor to work for the Defendant Scada.  Defendants never requested that Mr. Kilmer execute an employment agreement, and no employment agreement was ever presented to Mr. Kilmer.

14.  From January 1, 2007, to March of 2016, Mr. Kilmer's duty as an independent contractor was to draft source code for the Works.

15. During this period of time, Mr. Kilmer worked almost exclusively from his home office in Bakersfield, California.

16. While working on the Works, Mr. Kilmer was the only one who determined when he would work, where he would work, and for how long he would work.

17. At all times between 2007 and March of 2016, Mr. Kilmer exclusively controlled all manner and means employed to create the Works.

18. At no point were any of the Defendants capable of either creating or reviewing the detailed source code created by Mr. Kilmer that is contained in the Works. As such, Mr. Kilmer's services were sought for a specific purpose – his specialized programing knowledge.

19. For this entire period of time, Defendant Scada treated Mr. Kilmer as an independent contractor. Mr. Kilmer was entirely responsible for his tax obligations and employee benefits. Mr. Kilmer received 1099 forms to file each tax season from Defendant Scada.

20. Defendants never requested that Mr. Kilmer sign a "work-for-hire" agreement or any other contract in which Mr. Kilmer agreed to transfer his rights as a developer and a creator of the Works to the Defendants. At all times the copyrights in the Works remained with Mr. Kilmer, the creator and owner of the Works.

21. During the time period that Mr. Kilmer developed the Works, Mr. Kilmer did not transfer any ownership or licensing rights whatsoever in the Works to the Defendants.

22. On or around February of 2016, Mrs. Dixon made a request that the Works be transferred to Defendant Scada. Mr. Kilmer declined, stating that he owned the copyrights in the Works and would retain ownership of the Works.

23. Soon thereafter, the Defendants attempted to change Mr. Kilmer's employment status back to a W2 salaried employee.

24. On information and belief, the Defendants sought to change the employment status of Mr. Kilmer, believing that such a change would retroactively alter ownership of the Works.

25. On or around April 15, 2016, Mr. Kilmer was terminated as an independent contractor.

**COUNT 1**
**[Declaratory Relief Pursuant to 28 U.S.C. § 2201, et seq. (Declaratory Judgment Act) and the Copyright Act (Title 17 of the U.S. Code)]**

26. Mr. Kilmer re-alleges paragraphs 1-27 as if fully set forth herein.

27. An actual controversy has arisen and now exists between Mr. Kilmer and the Defendants as to their legal rights and duties under the Copyright Act of 1976 as amended with respect to the Works. Mr. Kilmer contends that the he is the owner of the copyrights in the Works because he was and is the author and owner in the Work. Consequentially, the Defendants have no right to use or exploit Mr. Kilmer's rights in the Work. Defendants conversely claim that Defendant Scada is the author and owner of the copyright(s) in the Works, and as such, may use and exploit the copyright rights embodied in the Works.

28. In view of the actual controversy concerning the ownership and authorship of the copyright(s) in the Works, Mr. Kilmer seeks a declaration that he is the owner of the copyrights in the Works starting at least from January 1, 2007, to the present day. As such Mr. Kilmer seeks a declaration that the Defendants have no right to use or exploit Plaintiff's rights in the copyrights contained and embodied in the Works without authorization from Mr. Kilmer.

WHEREFORE, Mr. Kilmer prays for relief as follows:

1. For a judicial determination and order declaring that Mr. Kilmer is the author and owner of the Works;

2. Permanently enjoining the Defendants, their officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of or in privy with them or with any of them, from asserting authorship or ownership rights in the Works, or attempting to create derivatives from Plaintiff's Works;

3. For attorneys' fees and costs of the suit herein under 17 U.S.C. § 505; and

///
///
///
///

4. For any other additional relief the Court deems just and proper.

DATED this 5th day of May 2016.

                          BROWNSTEIN HYATT FARBER SCHRECK, LLP

                          By: */s/ Steven A. Caloiaro*
                              Matthew D. Francis
                              Steven A. Caloiaro
                              5371 Kietzke Lane
                              Reno, Nevada 89511

                              Attorneys for Plaintiff WILLIAM KILMER

## **JURY DEMAND**

Plaintiff William Kilmer hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

DATED this 5th day of May, 2016.

                        BROWNSTEIN HYATT FARBER SCHRECK, LLP

                          By: */s/ Steven A. Caloiaro*
                              Matthew D. Francis
                              Steven A. Caloiaro
                              5371 Kietzke Lane
                              Reno, Nevada 89511

                              Attorneys for Plaintiff WILLIAM KILMER